# THE ATTORNEY GENERAL
## OF TEXAS
CRAWFORD C. MARTIN      AUSTIN, TEXAS 78711
ATTORNEY GENERAL


October 25, 1972

Honorable Robert S. Calvert          Opinion No. M-1246
Comptroller of Public Accounts
State Finance Building               Re:  Whether judges, including
Austin, Texas   78774                     retired judges, may be paid
                                          actual travel expense while
                                          serving in the City of Austin
                                          under appointment, and re-
Dear Mr. Calvert:                         lated questions.

Your request for an opinion reads as follows:

"This department has been requested by the
Honorable John Onion, Jr., presiding Judge of the
Court of Criminal Appeals to ask the following
questions regarding Article 1811e, R.C.S. in
order for the provisions of this Article to be
put into effect in an orderly manner.

"The Questions are:

"1.  Can a Judge, including a retired Judge,
legally be paid his actual travel expense while
in the city of Austin under an appointment?

"2.  Can a Judge, including a retired Judge,
legally be paid the $25.00 per day for any period
of time that he is not in Austin on that day under
an appointment?

"3.  Can a Judge, including a retired Judge,
legally be paid the $25.00 per day when said
Judge resides in Austin under an appointment?

"4.  Can a Judge, including a retired Judge,
legally receive actual expenses when he resides away
from Austin for returning to his residence nightly
or on weekends while under an appointment as a
commissioner either on a case or cases basis or
for a period of time?

"5.  Can an active District Judge be paid the

difference between his salary as District Judge and
the amount allowed as a commissioner for each days
service as a commissioner or must the District
Judge be paid the amount allowed as a commissioner
'in lieu of' his salary as District Judge?"

Subdivision (d) of Section 1 of Article 1811e, Vernon's
Civil Statutes, as amended by Senate Bill 529, Acts 62nd Leg.,
R.S. 1971, Ch. 462, p. 1646, provides:

"(d) The compensation of a judge while sitting
as a commissioner of the court shall be paid out of
moneys appropriated from the General Revenue Fund
for such purpose in an amount equal to the salary
of the judges of the Court of Criminal Appeals,
in lieu of retirement allowance or in lieu of the
compensation he receives as an active judge of
another court. A judge sitting as a commissioner
of the court also shall receive his actual travel
expense to and from Austin, Texas, and per diem of
$25 per day while he is assigned to the Court of
Criminal Appeals in Austin." (Emphasis added.)

It was held in Attorney General's Opinion M-1225 (1972):

"Senate Bill 529, Acts 62nd Leg., R.S. 1971,
Ch. 462, p. 1646 (Article 1811e, Vernon's Civil
Statutes), authorizing the designation and appoint-
ment of a retired appellate or district judge or
an active appellate judge or district judge to sit
as a commissioner of the Court of Criminal Appeals,
does not create an 'office', but merely provides
additional duties on members of the Judiciary and
is therefore valid. The appointee may be compen-
sated."

An appointee as commissioner is entitled to receive his
actual travel expenses to and from Austin. Such appointee is also
entitled to receive a per diem of $25.00 per day "while he is
assigned."

Your questions are accordingly answered as follows:

1. A judge, including a retired judge, appointed as
commissioner, is legally entitled to his actual travel expenses
"to and from Austin, Texas." Therefore he does not receive any
"travel expense" while in the City of Austin under an appointment.

2.   A judge, including a retired judge, is entitled to receive a per diem of $25.00 per day "while he is assigned".  Therefore such judge may legally be paid the $25.00 per day for any day he is under an appointment, whether he is in Austin or not.

3.   The $25.00 per diem provided for in Article 1811e, Vernon's Civil Statutes, applies to all appointees whether the appointee resides in Austin or elsewhere.  Therefore a judge, including a retired judge, may legally be paid the $25.00 per day when said judge resides in Austin under an appointment.

4.   An appointee is entitled to his actual travel expenses "to and from Austin."  Therefore a judge, including a retired judge, may legally receive his actual travel expenses when he resides away from Austin for returning to his residence nightly or on weekends while under an appointment as a commissioner either on a case or cases basis or for a period of time.

5.   Subdivision (d) of Section 1 of Article 1811e, Vernon's Civil Statutes, specifically provides that the compensation of said appointee shall be an amount equal to the salary of the judges of the Court of Criminal Appeals in lieu of the compensation he receives as an active judge of another court.

This provision is substantially identical with the provisions of Section 7 of Article 6228b, Vernon's Civil Statutes, relating to assignment of retired judges.  Section 7 provides:  "While assigned to said court such judges shall be paid an amount equal to the salary of judges of said court in lieu of retirement allowance."

The Employees Retirement System of Texas has construed the provisions above quoted of Article 6228b to authorize the Retirement System to continue to pay retired judges the retirement allowance of said judges during the time of assignment and said retired judges receive the difference between the amount of such retirement allowance and the amount of salary authorized under Section 7 of Article 6228b, Vernon's Civil Statutes.  Under such construction the Employees Retirement System in budgeting their request for an appropriation to meet the obligation of retirement allowances is based on the assumption that all retired judges will remain on the retirement payroll and the Legislature has acquiesced in this construction.  It is therefore our opinion that such construction should be followed and a similar construction should be placed on the provisions of Subdivision (d) of Section 1 of Article 1811e, Vernon's Civil Statutes.  This construction is consistent

with the pattern for the payment of retired judges assigned to active duty prescribed by the Legislature in Article 200a, Vernon's Civil Statutes.

You are therefore advised that an active judge may be paid the difference between his salary as district judge and the amount allowed as a commissioner for each day's service as a commissioner.

S U M M A R Y

The compensation of an appointee under the provisions of Article 1811e, Vernon's Civil Statutes, is paid from the General Revenue Fund in an amount equal to the salary of the judges of the Court of Criminal Appeals. Said appointee is also entitled to his travel expenses to and from Austin and a per diem of $25.00 per day while he is assigned and serves.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jack Sparks
Fisher Tyler
James Hackney
Scott Garrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant